IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YE JIANG, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ZHONG FANG aka JOHNSON FANG, et al.,<br><br>    Defendants. | CIVIL NO. 20-00100 JAO-KJM<br><br>ORDER DISMISSING 1ST AMENDED VERIFIED COMPLAINT |

**ORDER DISMISSING 1ST AMENDED VERIFIED COMPLAINT**

This action concerns an alleged Ponzi scheme involving at least $65 million in two EB-5 investment immigration projects: Hawaii City Plaza and Hawaii Ocean Plaza. Defendants move to dismiss the 1st Amended Verified Complaint ("FAC") for lack of standing, lack of derivative standing, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. For the following reasons, the Court DISMISSES the FAC.

## LEGAL STANDARDS

A.　Rule 12(b)(1)

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

FRCP 12(b)(1) also requires a district court to dismiss a complaint for lack of subject matter jurisdiction where a plaintiff lacks standing to sue. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (citations omitted) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under [FRCP] 12(b)(1)."). When a plaintiff lacks constitutional standing, a suit "is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (quotations omitted)); *City of Los Angeles v. County of Kern*, 581 F.3d 841, 845 (9th Cir. 2009).

In determining constitutional standing, the trial court has the authority "to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Maya*, 658 F.3d at 1067 (citation and quotations omitted). "For purposes of ruling on a motion to dismiss for want of standing, both trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1092 (9th Cir. 2020) (internal quotations omitted) (citations omitted).

B.  Rule 12(b)(6)

FRCP 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, "the court accepts the facts alleged in the complaint as true," and "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)) (alteration in original). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the*

*Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (citation omitted).  Furthermore, the court need not accept as true allegations that contradict matters properly subject to judicial notice.  *See Sprewell*, 266 F.3d at 988.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The tenet that the court must accept as true all of the allegations contained in the complaint does not apply to legal conclusions.  *See id.*  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)) (some alterations in original).  If dismissal is ordered, the plaintiff should be granted leave to amend unless it is clear that the claims could not be saved by amendment.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 760 (9th Cir. 2007) (citation

4

omitted).

## DISCUSSION

Defendants advance multiple bases for dismissal, certain of which are threshold matters. After reviewing the Motion and FAC, the Court finds it necessary to DISMISS the FAC because it cannot ascertain whether jurisdiction exists.

A.   Standing

Defendants challenge Plaintiffs' standing but Plaintiffs did not address this issue in their Opposition. Neither did Defendants cite the applicable legal standards or provide meaningful analysis regarding standing. Because "standing is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), it is well established that "whether or not the parties raise the issue, '[f]ederal courts are *required* sua sponte to examine jurisdictional issues such as standing.'" *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (alteration in original) (citations and internal quotation omitted). The Court therefore evaluates standing notwithstanding Defendants' lack of substantive discussion.

Article III of the Constitution limits federal courts' jurisdiction to certain "cases" and "controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). A plaintiff bears the burden of establishing three elements to establish that

5

he or she has "standing" to sue in federal court: (1) "injury in fact" that is "concrete and particularized" and "actual and imminent"; (2) the injury must be fairly traceable to defendant's conduct; and (3) the injury can be redressed through adjudication. *See Lujan*, 504 U.S. at 560–61; *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016) (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). At the pleading stage of a case, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, __ U.S. at __, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, __ U.S. __, 137 S. Ct. 1645, 1650–51 (2017) (internal quotations omitted) (citations omitted). When there are multiple plaintiffs, at least one "must have standing to seek each form of relief requested in the complaint." *Id.* at __, 137 S. Ct. at 1651.

Despite the verbosity of the FAC—59 pages and 343 paragraphs—Plaintiffs' allegations do not clearly allege facts establishing standing. Plaintiffs characterize themselves as foreign individuals and identify four categories of roles pertaining to them: beneficiaries, limited partners, loan providers, and buyers.[1]  ECF No. 6 ¶¶

---

[1] Plaintiffs also group with themselves John and Jane Doe Plaintiffs. ECF No. 6 ¶ 19 ("The named Plaintiffs and the John Does and Jane Does Plaintiffs"). Plaintiffs named Doe Defendants, not Doe Plaintiffs, in the FAC. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). The use of Doe parties is (continued . . .)

19–20. Beyond that, Plaintiffs provide no information about their individual roles or how they were each harmed by Defendants. The Court is therefore unable to ascertain whether they have standing and correspondingly whether jurisdiction exists. Accordingly, the Court DISMISSES the FAC. Plaintiffs may file a motion to amend the complaint.[2] Any proposed amended pleading presented for consideration must address standing for each claim and each form of relief; that is, Plaintiffs must allege—as to *each plaintiff* and *each defendant*—specific facts supporting the elements of standing (injury, causation, redressability).

B.     Other Deficiencies

Although the Court dismisses the FAC for lack of standing, it cannot ignore multiple other deficiencies, which Plaintiffs must also rectify in any proposed amended pleading.

---

(. . . continued)
disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). And where permitted, it is because the identity of defendants might not be known prior to the filing of a complaint. *See id.* Plaintiffs would have no such justification for the use of Doe Plaintiffs.

[2] The Court would ordinarily grant leave to amend. However, because Plaintiffs fail on a threshold issue and the Court is not reviewing the sufficiency of each claim, judicial economy would not be served by allowing Plaintiffs to file an amended pleading without requiring them to present their proposed amendments to Defendants and the Court.

1. Shotgun Pleading

Plaintiffs may not engage in shotgun pleading as it violates FRCP 8's "requirement of a 'short and plain statement' and interferes with the court's ability to administer justice." *Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566, at *4 (E.D. Cal. Jan. 8, 2009), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) (citation omitted); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (explaining that shotgun pleadings "incorporate every antecedent allegation by reference into each subsequent claim for relief" (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam))); *A.B. v. Hilton Worldwide Holdings Inc.*, __ F.3d __, 2020 WL 5371459, at *13 (D. Or. Sept. 8, 2020) ("Another type of 'shotgun' pleading is a complaint that asserts claims against 'multiple defendants without specifying which of the defendants are responsible for which acts or omissions.'" (citation omitted)).

2. Pleading Standards

In their Opposition, Plaintiffs argue that their state law claims are subject to Hawaii's notice pleading standards. ECF No. 138 at 6. This is patently incorrect. Plaintiffs invoke federal question jurisdiction and supplemental jurisdiction.[3] "[F]ederal courts sitting in diversity apply state substantive law and federal

---

[3] Plaintiffs erroneously assert that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1331. ECF No. 6 ¶ 22.

procedural law." *In re County of Orange*, 784 F.3d 520, 527 (9th Cir. 2015) (internal quotations omitted) (citation omitted). These "principles apply equally in the context of pendent jurisdiction." *Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (citation omitted). Therefore, Plaintiffs' allegations are subject to the more stringent federal pleading standards articulated above. And any fraud-based allegations are subject to a heightened pleading standard.

Fraud must be pled with particularity pursuant to FRCP 9(b). *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232–33 (D. Haw. 2010). FRCP 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc), *superseded on other grounds by* 15 U.S.C. § 78u–4. FRCP 9(b)'s purpose is threefold:

> (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit [] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (alterations in original) (citations omitted).

9

The "who, what, when, where, and how" of the alleged misconduct must accompany averments of fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). A plaintiff must offer something greater "than the neutral facts necessary to identify the transaction." *Vess*, 317 F.3d at 1106. He or she must identify "what is false or misleading about a statement, and why it is false." *Id.* (citation omitted). The circumstances constituting the alleged fraud must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Id.* (citations omitted).

Finally, Plaintiffs inappropriately group distinct claims under single counts.[4] FRCP 10(b) requires presentation of "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . [and] [i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

---

[4] These are examples of improper grouping in the FAC: (1) Count 4 – unjust enrichment/restitution/constructive trust; (2) Count 9 – immigration fraud/emotional distress; (3) Count 14 – lis pendens (with four sub-claims). ECF No. 6.

10

3. <u>Derivative Standing</u>

Plaintiffs assert derivative causes of action under their lis pendens claim (Count 14). ECF No. 6 ¶¶ 336, 340–343; ECF No. 138 at 17 ("In this count, Plaintiffs alternatively raised four (4) causes of action purposed to support filing the Lis Pendens in order to protect the remaining business assets."). Ordinarily, "a corporation is run by its management, and the corporation itself has the right to make claims." *Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010) (citation omitted). FRCP 23.1(a) "applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce." Fed. R. Civ. P. 23.1(a). To establish standing in a derivative action, the complaint must "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3). FRCP 23.1 supplies the applicable pleading standard for evaluating demand futility while substantive law from the state of incorporation of the subject corporate entity governs whether a demand is actually futile. *See Towers v. Iger*, 912 F.3d 523, 528 n.4 (9th Cir. 2018).

11

Plaintiffs' allegations do not satisfy the aforementioned requirements. Thus, should Plaintiffs wish to maintain a derivative action, any amendments must comply with the applicable federal and state legal standards.

### 4. Non-Viable Causes of Action

Plaintiffs also assert non-viable causes of action. Included in the title of Count 4 are restitution and constructive trust. But these are remedies, not causes of action. *See Kona Enters., Inc. v. Estate of Bishop*, 51 F. Supp. 2d 1048, 1054 n.2 (D. Haw. 1998), *aff'd*, 179 F.3d 767 (9th Cir. 1999) ("[A] constructive trust is not a claim, in and of itself, rather it is a remedy which may be sought by a plaintiff after he or she has established that certain prerequisites have been met."); *Uyeshiro v. Irongate Azrep BW LLC*, No. CV 13-00043 ACK-BMK, 2013 WL 12204348, at *5 (D. Haw. Sept. 13, 2013) ("[R]estitution and recission are remedies, not causes of action." (citations omitted)). Counts 7 (settlement of property titles) and 14 (lis pendens) are likewise not causes of action.[5]

### CONCLUSION

For the reasons stated herein, the Court DISMISSES the FAC. ECF No. 6. Plaintiff may seek leave to file an amended pleading, but any proposed amended pleading must comply with this Order and all applicable pleading standards.

---

[5] This is not an exhaustive list of all deficient claims. If Plaintiffs decide to request amendment, they should exercise greater care in crafting their proposed amended pleading.

In light of the dismissal of the FAC, Defendants' Motion for Dismissal is denied as moot and the November 30, 2020 hearing is VACATED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, November 23, 2020.

Jill A. Otake
United States District Judge

Civil No. 20-00100 JAO-KJM; *Jiang, et al. v. Fang, et al.*; ORDER DISMISSING 1ST AMENDED VERIFIED COMPLAINT