IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| YE JIANG, et al., | CIVIL NO. 20-00100 JAO-KJM |
|---|---|
| Plaintiffs, | ORDER (1) AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' THIRD MOTION FOR LEAVE OF THE COURT TO FILE THE 2ND AMENDED VERIFIED COMPLAINT AND (2) DISMISSING ACTION |
| vs. | |
| ZHONG FANG aka JOHNSON FANG, et al., | |
| Defendants. | |

**ORDER (1) AFFIRMING MAGISTRATE JUDGE'S
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR LEAVE OF
THE COURT TO FILE THE 2ND AMENDED VERIFIED COMPLAINT
AND (2) DISMISSING ACTION**

Plaintiffs Ye Jiang, Takahiro Suzuki, Xia Chen, Huili Chao, and Nobuo Matsui[1] (collectively, "Plaintiffs") object to Magistrate Judge Kenneth J. Mansfield's Order Denying Plaintiffs' Third Motion for Leave of the Court to File the 2nd Amended Verified Complaint ("Order"). ECF No. 187. This matter shall be decided without a hearing pursuant to Local Rule 7.1(d). For the reasons articulated below, the Court AFFIRMS Magistrate Judge Mansfield's Order.

---

[1] Plaintiff Eisaku Kato remains a party to this action but has not been included in filings since February 2021. *See*, *e.g.*, ECF No. 162.

# BACKGROUND

On March 3, 2020, Plaintiffs commenced this action, which concerns an alleged Ponzi scheme involving at least $65 million in two EB-5 investment immigration projects: Hawaii City Plaza and Hawaii Ocean Plaza.

Plaintiffs filed a 1st Amended Verified Complaint ("FAVC") on March 6, 2020. ECF No. 6. On May 22, 2020, without leave of court, Plaintiffs filed a Revised 1st Amended Verified Complaint. ECF No. 8. After filing requests for entry of default — many of which Plaintiffs initially improperly filed ex parte — and a motion for default judgment, Plaintiffs sought clarification about whether the Revised FAVC constituted the operative pleading.[2] ECF Nos. 59–61, 63–70, 78–88, 112, 125. Magistrate Judge Mansfield identified the FAC as the operative pleading and struck the Revised FAVC. ECF No. 126. Plaintiffs responded with yet another request for clarification, which was comprised of a litany of counsel's personal (albeit incorrect) beliefs, including numerous misrepresentations,[3] and

---

[2] Plaintiffs have also requested clarification of orders, *see* ECF Nos. 127, 152, and filed multiple errata to correct errors in their filings. ECF Nos. 114, 150, 188.

[3] For example, Plaintiffs claimed that Magistrate Judge Mansfield authorized the filing of an amended complaint, *see* ECF No. 127 ¶ 11, when he merely continued the Rule 16 scheduling conference to allow sufficient time to file an amended complaint, serve the parties, and meet and confer. ECF No. 7.

complaints about Defendants' conduct that Plaintiffs asked the Court to rectify. ECF No. 127.

On October 6, 2020, Defendants Jiayu Wang, Zhong Fang, California Investment Regional Center LLC, Hawaii Ocean Plaza, LLC, California Regional Center LLC, Los Angeles City Plaza LP, LA Valley Garden Plaza LP, 9920 Valley Blvd LP, Zhe Fang, Hawaii Ocean Plaza LP, Wuhan Western U.S. Investment Immigration Consultant Inc., Min Hu, American Investment Immigration Fund, Hawaii City Plaza LP, USA Realty Construction Group Inc., and Lamei Fang (collectively, "Defendants")[4] filed a Motion for Dismissal, in Whole or in Part, of [ECF No. 6] 1st Amended Verified Complaint, or in the Alternative, for a More Definite Statement. ECF No. 133. The Court issued an Order Dismissing 1st Amended Verified Complaint ("Dismissal Order") on November 23, 2020, based primarily on the absence of sufficient facts to ascertain whether Plaintiffs had Article III standing, and in turn, whether jurisdiction existed. *Id.* at 6–7. The Court also identified the FAVC's multiple other pleading deficiencies — shotgun pleading, failure to satisfy pleading standards, failure to establish derivative standing for derivative claims, assertion of non-viable causes of action — but

---

[4] Hawaii City Plaza LP and Hawaii Ocean Plaza LP are collectively referred to as the "LP Defendants." The remaining Defendants are referred to as the "Non-LP Defendants."

authorized Plaintiffs to seek leave to file an amended pleading.[5]  ECF No. 151 at 7–12.  Notably, the Dismissal Order admonished Plaintiffs that any proposed amended pleading must correct these deficiencies and comply with all applicable pleading standards.  *Id.* at 7, 12.

On November 24, 2020, Plaintiffs filed yet another "Request for Clarification, Re: Order, EFC #151," asserting that the use of "incorporate by reference" in pleadings reduces repetitive allegations and questioning whether the Dismissal Order barred the practice.  ECF No. 152 at 2.  The Court explained in an Entering Order:

> Federal Rule of Civil Procedure 8 mandates concise pleadings but catch-all phrases to cover hundreds of preceding paragraphs will not save deficiently pled claims, as it is not the Court's responsibility to sift through factual allegations to determine which apply to each claim.  At bottom, Plaintiffs must comply with all pleading rules to avoid further dismissal.

ECF No. 153.

On January 3, 2021, Plaintiffs filed a Motion for Leave of the Court to File the 2nd Amended Verified Complaint.  ECF No. 157.  After Defendants responded, Plaintiffs withdrew the motion.  ECF No. 160.  They filed another

---

[5]  The Court explained that while it would ordinarily grant leave to amend, given Plaintiffs' failure on a threshold issue and the lack of review as to the sufficiency of each claim, "judicial economy would not be served by allowing Plaintiffs to file an amended pleading without requiring them to present their proposed amendments to Defendants and the Court."  ECF No. 151 at 7 n.2.

Motion for Leave of the Court to File the 2nd Amended Verified Complaint.[6] ECF No. 162. Magistrate Judge Mansfield denied this motion on February 16, 2021, finding that the proposed second amended complaint continued to suffer from the same deficiencies identified in the Dismissal Order. ECF No. 164 at 4. He authorized the filing of another motion to amend the complaint but required Plaintiffs to fully comply with the Local Rules and Federal Rules of Civil Procedure and to significantly pare down the statements in the proposed pleading. *Id.* at 10. He also prohibited Plaintiffs from simply adding paragraphs to that iteration of their pleading and incorporating by reference all preceding paragraphs into single count. *Id.* Magistrate Judge Mansfield cautioned that "another failure to cure the deficiencies in their pleading, which deficiencies have been explained to Plaintiffs now on two separate occasions, may result in this Court's recommendation to dismiss the entire complaint with prejudice." *Id.* at 11 (citation omitted).

    The same day, Plaintiffs filed an objection to the order, complaining that they are the obvious victims in this case and that Magistrate Judge Mansfield did not provide "just and proper reasoning" in his order, thereby granting Defendants "unjust and improper litigation benefits." ECF No. 165 at 3–4. Plaintiffs' counsel

---

[6] The proposed pleadings became increasingly verbose with each submission – the first was 200 pages and 777 paragraphs and the second was 284 pages (51 pages of which contained deleted text) and 1,020 paragraphs. ECF Nos. 157-1, 162-1.

claimed that when he received notice of the order, he checked the docket and only saw docket text without an attached order.[7]  ECF No. 166 at 2.  Once he found the order on the docket that evening, Plaintiffs withdrew the objection.  *Id.* at 2–3.

On March 9, 2021, Plaintiffs filed a Third Motion for Leave of the Court to File the 2nd Amended Verified Complaint.  ECF No. 169.  On May 19, 2021, Magistrate Judge Mansfield issued the Order that is the subject of Plaintiffs' Objection.  ECF No. 183.  He denied leave to amend on the basis that "Plaintiffs' submission of a shotgun pleading is not a proper use of judicial resources and requiring an answer to such a cumbersome complaint would prejudice Defendants."  *Id.* at 9.  Magistrate Judge Mansfield explained that Plaintiffs' proposed Second Amended Verified Complaint ("SAVC") constituted an impermissible shotgun pleading because it failed (1) to specify which Defendant was responsible for which alleged acts or omissions, highlighting Plaintiffs' collective reference to Zhong Fang (aka Johnson Fang), Min Hu (aka Michelle Hu), Zhe Fang (aka Jay Fang), Lamei Fang, and Yujia Wang (aka Jiajia Wang) as the "FANG FAMILY" and (2) to connect factual allegations to Plaintiffs' specific claims, relying instead on catch-all phrases to incorporate all preceding paragraphs

---

[7] Magistrate Judge Mansfield's order was filed at 9:58 a.m. HST.  The order title is on the docket and the docket number links to the order itself.  The docket would not contain an order title without access to the order.  So, while counsel might not have seen the order, it was because he neglected to click the docket number link, not because the order was unavailable.

6

into each cause of action. *Id.* at 5–9. Given Plaintiffs' repeated failure to cure pleading deficiencies identified in prior orders, Magistrate Judge Mansfield concluded that another opportunity to amend would be futile and he consequently denied the motion with prejudice.

On June 2, 2021, Plaintiffs filed an Objection to the Order. ECF No. 187. Defendants filed responses on June 16, 2021. ECF Nos. 189, 190.

## STANDARD OF REVIEW

Parties may object to magistrate judge's pretrial orders. *See* Fed. R. Civ. P. 72(a); Local Rule 74.1. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *see Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1041 n.4 (9th Cir. 2010).

The "clearly erroneous standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed' before reversal is warranted." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004) (some internal quotation marks and citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (stating that a

7

district court may not overturn a magistrate judge's pretrial order "simply because [it] might have weighed differently the various interests and equities").

## ANALYSIS

Plaintiffs object to Magistrate Judge Mansfield's Order on three grounds: (1) the group doctrine pleading permits them to collectively reference the five Defendants as the "Fang Family"; (2) their use of catch-all phrases and labels did not constitute shotgun pleading; and (3) the proposed SAVC gave Defendants fair notice of the charges against them.[8]  ECF No. 187 at 17–31.  In response to Plaintiffs' Objection, the LP Defendants point out Plaintiffs' failure to designate the specific portions of Magistrate Judge Mansfield's Order to which they object, as required by Local Rule 74.1, and Plaintiffs' improper reference to the group pleading doctrine for the first time in their Objection.  ECF No. 189 at 9–10.  The Non-LP Defendants add that Plaintiffs have not shown that Magistrate Judge Mansfield's Order was clearly erroneous or contrary to law.[9]  ECF No. 190 at 17–

---

[8] Plaintiffs attach multiple exhibits to their Objection.  The Court declines to consider evidence presented for the first time in the Objection.  *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").  Magistrate Judge Mansfield did not have an opportunity to consider the exhibits, nor are they relevant to the issues at hand.

[9] The Non-LP Defendants also argue that Plaintiffs' and their counsel's bad faith support affirmance of the Order.  ECF No. 190 at 11–12, 20.  Because Magistrate

18. Defendants also highlight Plaintiffs' lack of compliance with multiple court orders and continued submission of shotgun pleadings. ECF No. 189 at 16–18; ECF No. 190 at 12–14.

As a preliminary matter, the Court notes that Plaintiffs' failure to specifically identify the portions of the Order objected to is grounds alone to deny their Objection. *See* Local Rule 74.1(a) (providing that an "objection must specifically designate the portions of the magistrate judge's order . . . to which the party is objecting and the basis of the objection"); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."); 28 U.S.C. § 636(b)(1) (allowing "any party [to] serve and file written objections . . . as provided by rules of court"). Because Plaintiffs' objections fail on the merits, the Court nevertheless address them.

### A. Collective Reference to the Fang Family

Plaintiffs rely on the group pleading doctrine to challenge Magistrate Judge Mansfield's determination that their collective reference to the Fang Family constituted one form of shotgun pleading. As pointed out by Defendants, this is the first time Plaintiffs have invoked the group pleading doctrine. The Court need not consider arguments raised for the first time in the objections to a magistrate

---

Judge Mansfield did not deny amendment based on bad faith, the issue is not before this Court.
9

judge's non-dispositive order. *See Beavers-Gabriel v. Medtronic, Inc.*, No. CIV. 13-00686 JMS-RLP, 2015 WL 3397859, at *4 (D. Haw. May 26, 2015); *Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 10CV541-GPC(WVG), 2014 WL 6851607, at *30 (S.D. Cal. June 16, 2014); *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

Were the Court to address Plaintiffs' argument, however, Magistrate Judge Mansfield did not err in determining that Plaintiffs failed to distinguish conduct between Defendants. The host of pleading deficiencies resulting in the denial of amendment would not be rectified by the group pleading doctrine, even accepting its viability or applicability.[10] Significantly, the denial of amendment does not rest

---

[10] The continued viability of the group pleading doctrine is questionable. *See*, *e.g.*, *Abdo v. Fitzsimmons*, Case No. 17-cv-00851-EDL, 2017 WL 6994539, at *8 (N.D. Cal. Nov. 3, 2017) (noting that many circuits have rejected the use of group pleading after the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(1), and *Janus Capital Group, Inc. v. First Derivative Traders*, 564 U.S. 135 (2011)); *Petrie v. Elec. Game Card Inc.*, No. SACV 10-00252 DOC (RNBx), 2011 WL 165402, at *3 (C.D. Cal. Jan. 12, 2011) ("Although the Ninth Circuit has yet to squarely address the issue, the majority of district courts within the Circuit to confront the group pleading doctrine post-*Telllabs* [*Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, (2007)] have decided that the doctrine did not survive."); *In re Dura Pharms., Inc. Sec. Litig.*, 452 F. Supp. 2d 1005, 1031 (S.D. Cal. 2006) (concluding that "the group pleading doctrine did not survive the PSLRA"). Even if the doctrine is viable, it would not necessarily cure the Fang Family allegations because it only applies to

upon the reference to the Fang Family. Magistrate Judge Mansfield deemed the SAVC a shotgun pleading due in part to Plaintiffs' assertion of claims against Defendants without specifying which Defendant is responsible for alleged acts or omissions. ECF No. 183 at 6. He referenced Plaintiff's use of "Fang Family" as *an example* of this form of shotgun pleading. *Id.* at 6–7. So even if the consolidated Fang Family allegations were permissible under the group pleading doctrine, the SAVC would nevertheless constitute a shotgun pleading because Plaintiffs employ the same improper pleading practices in asserting claims against the many other Defendants in this case. Indeed, the SAVC is replete with generalized references to multiple Defendants' purported misconduct without specifying who did what. ECF No. 169-2; *see also A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 943 (D. Or. 2020) ("Another type of 'shotgun' pleading is a complaint that asserts claims against 'multiple defendants without

---

misstatements in specific corporate communications, *see In re Agribiotech Sec. Litig.*, No. CV-S-99-144-PMP(LRL), 2000 WL 1277603, at *4 (D. Nev. Mar. 2, 2000) (stating that the group pleading doctrine does not apply to analyst reports or oral remarks by individual defendants), and to a "narrowly defined group of officers with direct involvement in day-to-day affairs of the corporation," *United States v. Cathcart*, No. C 07-4762 PJH, 2008 WL 4279717, at *6 (N.D. Cal. Sept. 15, 2008), or to outside directors with "operational involvement." *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 593 (9th Cir. 1995). It is unclear that Plaintiffs' deficient allegations could be saved by the doctrine. Moreover, the doctrine would not apply to all causes of action.

11

specifying which of the defendants are responsible for which acts or omissions.'" (citations omitted)).

Moreover, Plaintiffs' allegations regarding fraud — collective or not — again failed to satisfy Federal Rule of Civil Procedure ("FRCP") 9(b). Plaintiffs were already informed that their fraud allegations must be pled with particularity. ECF No. 151 at 9–10. Accordingly, Magistrate Judge Mansfield did not err in denying amendment for failure to attribute specific conduct to the various Defendants.

**B.     Catch-All Phrases**

Magistrate Judge Mansfield determined that the SAVC also constituted a shotgun pleading because Plaintiffs did not connect factual allegations to their respective claims. ECF No. 183 at 7. Plaintiffs argue that the SAVC's inclusion of "as stated herein" and other phrases intended to assist the reader does not cause it to be a shotgun pleading. ECF No. 187 at 21–22. Although Magistrate Judge Mansfield referenced Plaintiffs' use of the catch-all phrase "as stated herein," he did not base his ruling on catch-all verbiage alone. He instead disapproved of Plaintiffs' continued references to preceding paragraphs in the SAVC *while failing to include the relevant facts within each cause of action*. ECF No. 183 at 7. Thus, even if Plaintiffs' argument had merit, it would not compel a different outcome.

Magistrate Judge Mansfield explained, as has this Court, that Plaintiffs' incorporation by reference of facts — regardless of the phrase used — forces the court to search the pleading to find the facts related to each claim.[11] *Id.* at 7–8; ECF No. 164 at 7–8; ECF No. 153. This is especially cumbersome here due to the number of Defendants and claims involved. The Court agrees with Magistrate Judge Mansfield's assessment that Plaintiffs have not sufficiently connected factual allegations to their various causes of action. The SAVC, like its predecessors, contains a significant number of conclusory allegations, and it is difficult to ascertain which facts from the "Facts Relevant to All Counts" section apply to each count. For these reasons, Magistrate Judge Mansfield did not err.

## C. Fair Notice to Defendants

Plaintiffs' final objection is that the SAVC gave Defendants sufficient notice and was not prejudicial. ECF No. 187 at 22–31. The deficiencies discussed above necessitate the conclusion that the SAVC did not provide adequate notice to Defendants. After all, shotgun pleadings are impermissible because they deprive defendants of adequate notice. *See A.B.*, 484 F. Supp. 3d at 943; *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 4732145, at *9 (D. Ariz. Aug.

---

[11] Plaintiffs identify examples they claim constitute specific allegations within a claim. ECF No. 187 at 21. But multiple of these examples are conclusory allegations, not factual allegations that should be included with causes of action.

13

14, 2020) ("The key characteristic of a shotgun pleading is that it 'fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests,' which renders them disfavored and usually subject to dismissal." (alteration in original) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Where, as here, Plaintiffs assert claims against groups of Defendants without drawing distinctions between their conduct or including requisite facts as to each claim, Plaintiffs violate FRCP 8.[12] *See Destfino v. Kennedy*, No. CV-F-08-1269 LJO DLB, 2009 WL 63566, at *6 (E.D. Cal. Jan. 8, 2009), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011). Consequently, leave to amend was properly denied.

Although "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires,'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted), a district court "may in its discretion deny leave to amend 'due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance

---

[12] FRCP 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

14

of the amendment, [and] futility of amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (some internal quotation marks and citations omitted). The court's discretion to deny leave to amend is especially broad when a plaintiff was previously granted leave to amend and he has not subsequently cured defects. *See id.* (citations omitted).

Magistrate Judge Mansfield decided that requiring Defendants to respond to the SAVC would cause them prejudice and he ultimately concluded that a further opportunity to amend would be futile. ECF No. 183 at 9. The Court agrees. Plaintiffs have been on notice since November 2020 that their pleading suffered from significant deficiencies and they were cautioned that dismissal with prejudice would result if they did not cure those defects. This was Plaintiffs' **sixth** attempt to get it right,[13] and the third order issued regarding the pleadings' shortcomings. Nearly a year and a half since its inception, this case remains in the initial stages. Under the circumstances, additional opportunities to edit the SAVC are highly unlikely to result in a different outcome, particularly when Plaintiffs insist the SAVC is sufficient as pled. ECF No. 187 at 31 ("[T]he 5/19/2021 Order should be modified or set aside as clearly erroneous in facts and laws, bias against Plaintiffs,

---

[13] Plaintiffs filed the Complaint, the FAVC, the Revised FAVC (that was stricken), an initial proposed SAVC (they withdrew the motion), another proposed SAVC (leave to amend was denied), then the SAVC. ECF Nos. 1, 6, 8, 157-1, 162-1, 169-2.

15

and awarding defrauders and wrongdoers. This cases touches the fundamental norms of right and wrong, thus the [sic] substantial justice should be against to [sic] technically ends [sic] the case because the pleading contains defects."). Based on the foregoing, Magistrate Judge Mansfield, exercising his broad discretion, did not err in denying amendment. Therefore, the Court AFFIRMS his Order.

Insofar as this Court dismissed the FAVC, Magistrate Judge Mansfield denied leave to amend with prejudice, and this Court has affirmed his Order, there is no operative pleading upon which to proceed. As a result, the action is DISMISSED.

**CONCLUSION**

For the reasons stated herein, the Court AFFIRMS Magistrate Judge Mansfield's Order Denying Plaintiffs' Third Motion for Leave of the Court to File the 2nd Amended Verified Complaint. ECF No. 187. There being no operative pleading, this action is DISMISSED.

//

//

//

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, July 9, 2021.



Jill A. Otake
United States District Judge

Civil No. 20-00100 JAO-KJM; *Jiang, et al. v. Fang, et al.*; ORDER (1) AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' THIRD MOTION FOR LEAVE OF THE COURT TO FILE THE 2ND AMENDED VERIFIED COMPLAINT AND (2) DISMISSING ACTION