IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YE JIANG, et al., | ) | CIVIL 20-00100 JAO-KJM |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DENY |
| | ) | DEFENDANTS' JOINT MOTION |
| ZHONG FANG aka JOHNSON | ) | FOR ATTORNEY FEES AND |
| FANG, et al., | ) | COSTS |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANTS' JOINT MOTION FOR ATTORNEY FEES AND COSTS

On August 24, 2021, Defendants Jiayu Wang, Zhong Fang, California Investment Regional Center LLC, Hawaii Ocean Plaza, LLC, California Regional Center LLC, Los Angeles City Plaza LP, LA Valley Garden Plaza LP, 9920 Valley Blvd LP, Zhe Fang, Hawaii Ocean Plaza LP, Wuhan Western U.S. Investment Immigration Consultant Inc., Min Hu, American Investment Immigration Fund, Hawaii City Plaza LP, USA Realty Construction Group Inc., and Lamei Fang (collectively, "Defendants") filed a Joint Motion for Attorney Fees and Costs ("Motion"). ECF No. 200. On August 31, 2021, Plaintiffs Ye Jiang, Takahiro Suzuki, Xia Chen, Huili Chao, and Nobuzo Matsui (collectively, "Plaintiffs") filed their Memorandum in Opposition to the Motion. ECF No. 202. On September 7, 2021, Defendants Jiayu Wang, Zhong Fang, California Investment Regional

Center LLC, Hawaii Ocean Plaza, LLC, California Regional Center LLC, Los Angeles City Plaza LP, LA Valley Garden Plaza LP, 9920 Valley Blvd LP, Zhe Fang, Wuhan Western U.S. Investment Immigration Consultant Inc., Min Hu, American Investment Immigration Fund, USA Realty Construction Group Inc., and Lamei Fang filed their Reply.  ECF No. 203.  On September 8, 2021, Defendant Hawaiian Ocean Plaza LP and Hawaii City Plaza LP filed a joinder in the Reply.  ECF No. 204.

The Court elects to decide this matter without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully considering the Motion, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for the reasons set forth below.

## BACKGROUND

The parties and this Court are familiar with the facts and issues in this case.  The Court therefore will only recite those relevant to the Motion.

On March 6, 2020, Plaintiffs and former plaintiff Eisaku Kato ("Kato") filed a 1st Amended Verified Complaint ("First Amended Complaint").  ECF No. 6.  On October 6, 2020, Defendants filed a Motion for Dismissal, in Whole or in Part, of [ECF NO. 6] 1st Amended Verified Complaint or, in the Alternative, For a More Definite Statement ("Motion to Dismiss").  ECF No. 133.  On November 23, 2020,

the district court issued an Order Dismissing 1st Amended Verified Complaint ("11/23/2020 Order"), which dismissed *sua sponte* the First Amended Complaint and denied as moot the Motion to Dismiss.  ECF No. 151.  The 11/23/2020 Order dismissed the First Amended Complaint and permitted Plaintiffs and Kato to seek leave to file an amended pleading.  *Id.*

Plaintiffs subsequently filed three motions for leave to file a second amended verified complaint, the first of which Plaintiffs withdrew before the Court ruled on it.  *See* ECF Nos. 157, 160.  This Court denied the other two motions for Plaintiffs' failure to cure the pleading deficiencies identified in the district court's 11/23/2020 Order.  *See* ECF Nos. 162, 164, 169, 183.  This Court's May 19, 2012 Order Denying Plaintiffs' Third Motion for Leave of the Court to File 2nd Amended Verified Complaint ("05/19/2021 Order") denied with prejudice Plaintiffs' request for leave to file an amended complaint.  ECF No. 183 at 10.

Plaintiffs appealed the 05/19/2021 Order to the district court.  ECF No. 187.  On July 9, 2021, the district court issued its Order (1) Affirming Magistrate Judge's Order Denying Plaintiffs' Third Motion for Leave of the Court to File the 2nd Amended Verified Complaint and (2) Dismissing Action ("07/09/2021 Order").  ECF No. 192.  That same day, pursuant to the 07/09/2021 Order, the Clerk of Court entered judgment.  ECF No. 193.  Plaintiffs filed an appeal of the

district court's 07/09/2021 Order, which is pending with the Ninth Circuit Court of Appeals. On August 24, 2021, Defendants timely filed the instant Motion.

## DISCUSSION

Defendants assert that "[a]ttorneys' fees and related non-taxable expenses are awarded according to state laws when a court sitting in diversity applies state substantive law." ECF No. 200 at 9 (citation omitted). The Court notes, however, that Plaintiffs did not invoke diversity jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 6 at 6 ¶¶ 21-22. In any case, Plaintiffs invoked supplemental jurisdiction over their state law claims. The Court thus applies state law in determining whether the prevailing party is entitled to attorneys' fees. *See Kauhako v. Bd. of Educ. Dep't of Educ.*, Civil No. 13-00567 DKW-KJM, 2016 WL 11408176, at *3 (D. Haw. Oct. 20, 2016), *adopted in* 2016 WL 7428735 (D. Haw. Dec. 21, 2016), *aff'd,* 744 Fed. App'x 344 (9th Cir. 2018); *Ogeone v. Yang*, Civil No. 13-00166 SOM/RLP, ECF No. 213 at 2 (filed Apr. 7, 2015), *adopted in* 2015 WL 2075050 (D. Haw. May 14, 2015), *aff'd,* 700 F. App'x 779 (9th Cir. 2017).[1]

Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Haw. 286, 305, 141 P.3d 459,

---

[1] The magistrate judge's findings and recommendation to grant the motion for attorneys' fees in *Ogeone* is also set forth in 2015 WL 2075050.

4

478 (2006) (citation and internal quotation marks omitted); *see also DFS Grp., L.P. v. Paiea Props.*, 110 Haw. 217, 219, 131 P.3d 500, 502 (2006)) ("Generally, under the 'American Rule,' each party is responsible for paying his or her own litigation expenses. A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement." (quoting *TSA Int'l, Ltd. v. Shimizu Corp.*, 92 Haw. 243, 263, 990 P.2d 713, 733 (1999))).

Defendants seek an award of attorneys' fees pursuant to Hawaii Revised Statutes ("HRS") § 607-14. HRS § 607-14 requires a court to award attorneys' fees to the prevailing party in certain contract actions:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable . . . provided that this amount shall not exceed twenty-five per cent of the judgment . . . .

The Hawaii Supreme Court has interpreted HRS § 607-14 as providing for an attorneys' fees award in three types of cases: "(1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provides for an attorney's fee." *Eastman v. McGowan*, 86 Haw. 21, 31, 946 P.2d 1317, 1327 (1997). A court awarding attorneys' fees pursuant to HRS § 607-14

5

must apportion the fees claimed between assumpsit and non-assumpsit claims, if practicable. *See Blair v. Ing*, 96 Haw. 327, 332, 31 P.3d 184, 189 (2001).

In deciding whether Defendants are entitled to fees under HRS § 607-14, the Court must examine whether: (1) Defendants are the prevailing parties; and (2) Plaintiffs' First Amended Complaint constituted an action "in the nature of assumpsit."[2]

I. Prevailing Party

HRS § 607-14 entitles a prevailing party to an award of attorneys' fees. This district court has previously recognized that litigating the merits of a claim is not necessary to obtain "prevailing party" status:

> Under Hawaii law, a party may be deemed the "prevailing party" entitled to an award of attorneys' fees under HRS § 607-14 without successfully litigating the merits of the party's claim. *Kona Enters.*[*, Inc. v. Estate of Bernice Pauahi Bishop,*], 229 F.3d [877,] 887 [(9th Cir. 2000)] (citing *Wong v. Takeuchi*, 88 Hawai'i 46, 49, 961 P.2d 611, 614 (1998)) (holding that a defendant was a "prevailing party" within the meaning of HRS § 607-14 even though the plaintiff's action was dismissed on summary judgment on laches or statute of limitation grounds). Under this standard, "[u]sually the litigant in whose favor judgment is rendered is the prevailing party . . . Thus, a dismissal of the action, whether on the merits or not, generally means that the defendant is the prevailing party." *Wong*, 88 Hawai'i at 49, 961 P.3d at 614 . . . ; *MFD Partners v. Murphy*, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (Ct. App. 1992) (citing 6 J. Moore et al., Moore's Federal Practice ¶ 54.70 (2d ed. 1992)) ("[i]n general, a party in whose favor judgment has been rendered by the district court is the

---

[2] Defendants do not assert that Plaintiffs' First Amended Complaint constituted an action "on a promissory note or other contract in writing that provides for an attorney's fee[.]" HRS § 607-14.

prevailing party in that court . . . for the purposes of costs and attorneys' fees.").

*Sheehan v. Centex Homes*, 853 F. Supp. 3d 1031, 1039 (D. Haw. 2011).

The district court dismissed this action in its 07/09/2021 Order. ECF No. 192. The Clerk of Court subsequently entered judgment in this case pursuant to the district court's 11/23/2020 Order and 07/09/2021 Order. ECF No. 193 at 2. Based on the foregoing, the Court finds that Defendants are the prevailing parties for purposes of HRS § 607-14. *See Au v. Republic State Mortg. Co.*, Civ. No. 11-00251 JMS-KJM, ECF No. 343 at 9-10 (filed Jan. 31, 2014) ("Insofar as the Court entered final judgment [on October 16, 2013] and Defendant was dismissed from this action on July 13, 2012, the Court finds that Defendant is the prevailing party with respect to the [First Amended Complaint]."), *adopted in* 2014 WL 770291 (D. Haw. Feb. 25, 2014).[3]

Plaintiffs oppose the Motion on the basis that the district court did not enter a judgment or an order awarding attorneys' fees to Defendants. *See* ECF No. 202 at 7-8. While Plaintiffs are correct that the district court has not entered an order awarding attorneys' fees to Defendants, this does not advance Plaintiffs' position. Defendants' Motion asks the district court to enter just such an order. A party

---

[3] The magistrate judge's findings and recommendation to grant in part and deny in part the motion for attorneys' fees in *Au* is also set forth in 2014 WL 770291.

cannot oppose a motion by asserting that the district court has not yet granted the relief sought in that motion.

II.     "In the Nature of Assumpsit"

"Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." *808 Dev., LLC v. Murakami*, 111 Haw. 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphasis, and internal quotations marks omitted); *see also Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes all possible contract claims." (citation and internal quotation marks omitted)). "Whether 'assumpsit' exists so as to trigger HRS § 607-14 depends upon the 'essential character of the underlying action in the trial court.'" *Kamalu v. Paren, Inc.*, 110 Haw. 269, 275, 132 P.3d 378, 384 (2006) (quoting *Leslie v. Estate of Tavares*, 93 Haw. 1, 5, 994 P.2d 1047, 1051 (2000)). "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." *Blair*, 96 Haw. at 332, 31 P.3d at 189 (citations and internal quotations marks omitted).

"'When there is a doubt as to whether the action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit.'" *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Leslie*, 93 Haw. at 6, 994 P.2d at 1052).

8

"'Further, a plaintiff's prayer for attorney fees is a significant indication that the action is in assumpsit.'" *Benoist v. U.S. Bank Nat'l Ass'n*, Civil No. 10-00350 JMS-KSC, 2013 WL 704865, at *3 (D. Haw. Jan. 28, 2013) (quoting *Leslie*, 93 Haw. at 6, 994 P.2d at 1052), *adopted in* 2013 WL 705100 (D. Haw. Feb. 25, 2013).

The Court notes that the Motion is completely devoid of any meaningful analysis regarding whether this action is in the nature of assumpsit. Defendants simply assert that an award of attorneys' fees under HRS § 607-14 is warranted based on Plaintiffs' claims for breach of contract and breach of fiduciary duty:

> Here an award of attorney fees is authorized pursuant to [HRS] § 607-14, as the [First Amended Complaint] made a claim in the nature of assumpsit at Count #5 (Breach of Contract) . . . and/or in other allegations of the pleading.
>
> Attorney [sic] fees are warranted in a suit between owners of a legal entity as a claim for breach of fiduciary duty had elements of an assumpsit action and defendants were the prevailing party, which warranted recovery of fees under [HRS] § 607-14 . . . .

ECF No. 200 at 9. Defendants' bare and conclusory statements do not demonstrate that this action is in the nature of assumpsit.

"Although the Court looks to the substance of the entire pleading, it must also 'determine whether each individual claim alleged in a complaint sounds in assumpsit or tort.'" *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, Civil No. 09-00181 LEK-KSC, ECF No. 756 at 13 (filed Dec. 29, 2014) (quoting *Kona Enters.*,

9

229 F.3d at 885), *adopted in* 2015 WL 881577 (D. Haw. Feb. 27, 2015).[4]  The First Amended Complaint asserted fourteen counts, some of which, as the district court recognized in its 11/23/2020 Order, improperly grouped several distinct claims.  ECF No. 151 at 10 & n.4.  The Court addresses all claims below.

      A.      Breach of Contract and Unjust Enrichment

Count #5 of the First Amended Complaint asserted a claim for breach of contract.  The Court finds that this claim, despite the vague and conclusory nature of its supporting allegations, is in the nature of assumpsit.  *See Au v. Funding Grp., Inc.*, 933 F. Supp. 2d 1264, 1271 (D. Haw. 2013) (other citation omitted) (citing *Helfand*, 105 F.3d at 537).

Count #4 of the First Amended Complaint included "Unjust Enrichment" in its title.  The Court notes that, like the allegations regarding Count #5, the allegations in support of Count #4 are vague and conclusory.  The Court nevertheless acknowledges that a claim for unjust enrichment is in the nature of assumpsit.  *See BlueEarth*, 2015 WL 881577, at *8 (citing *Hong v. Kong*, 5 Haw. App. 174, 182, 683 P.2d 833, 841 (1984)).

---

[4]  The magistrate judge's findings and recommendation to grant in part and deny in part the motion for attorneys' fees in *BlueEarth* is also set forth in 2015 WL 881577.

B.     Breach of Fiduciary Duty

Count #2 asserted a claim for breach of fiduciary duty.  "[A] breach of fiduciary duty claim sounds in tort where the duties allegedly arise as a matter of law from the fiduciary relationship between partners and not from a contractual agreement."  *Kona Enters.*, 229 F.3d at 886 (citing *TSA Int'l*, 92 Haw. at 264, 990 P.2d at 734).  "Conversely, where a party's breach of fiduciary duty claim is based on the non-performance or breach of contractual obligations and the complaint seeks damages flowing from that non-performance or breach, the claim would sound in assumpsit."  *Id.* (other citations omitted) (citing *TSA Int'l*, 92 Haw. at 264, 990 P.2d at 734).

Count #6 alleged that Defendants Zhong Fang ("Defendant Fang"), Min Hu, Zhe Fang, California Investment Regional Center LLC ("Defendant CIRC"), and Defendant California Regional Center LLC ("Defendant CRC") breached their fiduciary duties owed to "the limited partnership [Hawaii City Plaza LP] and [Hawaii Ocean Plaza LP] and the individual Limited Partners."  ECF No. 6 at 36 ¶ 222.  Plaintiffs also alleged various wrongful conduct by other unspecified defendants.

Despite the vague allegations in this count, which the district court found in its 11/23/2020 Order failed to allege sufficient facts to establish standing, this Court finds nothing therein indicating that this claim is based on the non-

11

performance or breach of a contract.  Rather, Count #6 is based on Defendants'
alleged misconduct, such as extortion, misrepresentation, and self-dealing.  *See*
ECF No. 6 at ¶¶ 206, 212, 215.  Based on the foregoing, the Court finds that
Defendants' breach of fiduciary claim sounds in tort and is not in the nature of
assumpsit.

    C.    Other Claims That Sound in Tort

The following counts asserted claims alleging fraud, conversion, and
emotional distress:  (1) Count #1 – Fraud/Misrepresentations; (2) Count #3 –
Misappropriation, Theft, and Conversion; and (3) Count #9 – Immigration
Fraud/Emotional Distress.  The Court has carefully reviewed the allegations
relating to the foregoing claims, and finds that, like the breach of fiduciary duty
claim, such claims sound in tort.  *See Funding Grp.*, 933 F. Supp. 2d at 1271
(finding that the plaintiff's "intentional or negligent misrepresentation and fraud
claim is based in tort and therefore not in the nature of assumpsit"); *BlueEarth*,
2015 WL 881577, at *8 ("Conversion sounds in tort." (citation omitted)); *Young v.
Allstate Ins. Co.*, 119 Haw. 403, 425, 198 P.3d 666, 688 (2008) ("The tort of
[intentional infliction of emotional distress] is well-accepted.").

    D.    Statutory Claims

The First Amended Complaint asserted the following claims pursuant to
federal and state statutes:  (1) Count #10 – State Law Security Fraud and Civil

Liability (Chapter 485A); (2) Count #11 – Federal Law Securities Fraud and Civil Liability (Section 10(b) & Rule 105(b)); Count #12 – Fraudulent Transactions (Chapter 651C); Count #13 – Statutory Fraud (Chapter 480 fraud).  These claims are statutory and, therefore, not in the nature of assumpsit.  *See Funding Grp.*, 933 F. Supp. 2d at 1272.

Count #6 is entitled, "Wrongful Dissociation/Dissociation."  The Court notes that Count #6 suffers from many of the pleading defects identified in the district court's 11/23/2020 Order, including a shotgun pleading approach, making it difficult for the Court to assess the nature of this count.  From what the Court can glean from the allegations, Plaintiffs sought to dissociate Defendant CIRC or Defendant CRC as the general partner of the limited partnerships pursuant to HRS § 425E-603(5).  Thus, for purposes of the Motion, the Court finds that Count #6 is statutory.

E.     Non-Viable Causes of Action

In the 11/23/2020 Order, the district court found that the First Amended Complaint asserted non-viable causes of action.  Specifically, the district court noted that the title for Count #4 included "restitution" and "constructive trust," which are remedies, not causes of action.  ECF No. 151 at 12 (citation omitted).  In addition, the district court noted that "Count 7 (settlement of property titles) and Count 14 (lis pendens) are likewise not causes of action."  *Id.*  While the

13

allegations related to these counts are relevant to assessing the character of the action as a whole, the Court does not address whether the individual non-viable causes of action are in the nature of assumpsit.

Count #8 is entitled, "Duress," and alleged that Defendants Fang and CIRC extorted Plaintiffs for additional funds for the subject development projects. Thus, Plaintiffs acted under duress when they agreed to Defendants' Fang and CIRC's demands and pay the additional funds, which constituted a modification to the parties' alleged existing contracts. The Court finds that Count #8 is also a non-viable cause of action, as duress is generally a defense to enforcement of a contract, not an affirmative claim. *Cf. Sunday's Child, LLC v. Irongate AZREP BW LLC*, 327 F. Supp. 3d 1322, 1341 & n.13 (D. Haw. 2018) (quoting *Balogh v. Balogh*, 134 Haw. 29, 44, 332 P.3d 631, 646 (2014)) (addressing the plaintiffs' duress defense to the defendant's counterclaim for breach of contract), *aff'd in part, rev'd in part*, 804 Fed. App'x 512 (9th Cir. 2020); *Balogh*, 134 Haw. at 44, 332 P.3d at 646 ("[A]n agreement is voidable due to duress when a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim with no reasonable alternative." (internal quotation marks and citation omitted)). The Court thus does not address whether Count #8 is in the nature of assumpsit.

F.    Character of the Action

In sum, the Court finds that Plaintiffs' breach of contract and unjust enrichment claims are in the nature of assumpsit.  The remaining claims, however, sound in tort, are statutory, or are non-viable.  The Court also notes that Plaintiffs' prayer for relief asks for punitive damages, which are more akin to tort damages. *See BlueEarth*, 2015 WL 881577, at *9 n.3 (recognizing that punitive damages are "more closely akin to tort damages").  Furthermore, Plaintiffs did not include a generic prayer for attorneys' fees, only for fees pursuant to HRS Chapter 480.  *See Benoist*, 2013 WL 704865, at *3.

The Court has carefully reviewed Plaintiffs' allegations and finds that the gravamen of the First Amended Complaint is that Defendants perpetrated an alleged Ponzi scheme and engaged in other wrongful conduct.  The Court finds that, while the First Amended Complaint contains claims and requests for relief that are in the nature of assumpsit, the essential character of this action is not.  The Court thus further finds that Defendants are not entitled to fees under HRS § 607-14 and recommends that the district court deny the Motion.

\\

\\

\\

\\

15

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Defendants' Join Motion for Attorney Fees and Costs (ECF No. 200).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 17, 2021.



Kenneth J. Mansfield
Unites States Magistrate Judge

*Jiang, et al. v. Fang, et al.*, Civil No. 20-00100 JAO-KJM; Findings and Recommendation to Deny Defendants' Join Motion for Attorney Fees and Costs