IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YE JIANG, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ZHONG FANG aka JOHNSON FANG, et al.,<br><br>　　　　Defendants. | CIVIL NO. 20-00100 JAO-KJM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' JOINT MOTION FOR ATTORNEY FEES AND COSTS |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' JOINT MOTION FOR ATTORNEY FEES AND COSTS**

Before the Court is Defendants Jiayu Wang, Zhong Fang, California Investment Regional Center LLC, Hawaii Ocean Plaza, LLC, California Regional Center LLC, Los Angeles City Plaza LP, LA Valley Garden Plaza LP, 9920 Valley Blvd LP, Zhe Fang, Hawaii Ocean Plaza LP, Wuhan Western U.S. Investment Immigration Consultant Inc., Min Hu, American Investment Immigration Fund, Hawaii City Plaza LP, USA Realty Construction Group Inc., and Lamei Fang's (collectively, "Defendants") Joint Objection to Magistrate Judge Kenneth J. Mansfield's Findings and Recommendation to Deny Defendants' Joint Motion for Attorney Fees and Costs ("Objection"). ECF No. 206. This matter shall be decided without a hearing pursuant to Local Rule 7.1(d). For the reasons

articulated below, the Court ADOPTS Magistrate Judge Mansfield's Findings and Recommendation to Deny Defendants' Joint Motion for Attorney Fees and Costs ("F&R").  ECF No. 205.

## BACKGROUND

As the Court and the parties are familiar with the procedural history in this case, the Court recounts only those facts relevant to the disposition of the Objection.

On March 3, 2020, Plaintiffs commenced this action, which concerns an alleged Ponzi scheme involving at least $65 million in two EB-5 investment immigration projects:  Hawaii City Plaza and Hawaii Ocean Plaza.  Plaintiffs filed a 1st Amended Verified Complaint ("FAVC") on March 6, 2020.  ECF No. 6.

On October 6, 2020, Defendants filed a Motion for Dismissal, in Whole or in Part, of [ECF No. 6] 1st Amended Verified Complaint, or in the Alternative, for a More Definite Statement.  ECF No. 133.  The Court issued an Order Dismissing 1st Amended Verified Complaint ("Dismissal Order") on November 23, 2020, based primarily on the absence of sufficient facts to ascertain whether Plaintiffs had Article III standing, and in turn, whether jurisdiction existed.  *Id.* at 6–7.  The Court also identified the FAVC's multiple other pleading deficiencies — shotgun pleading, failure to satisfy pleading standards, failure to establish derivative standing for derivative claims, assertion of non-viable causes of action — but

authorized Plaintiffs to seek leave to file an amended pleading.[1]  ECF No. 151 at 7–12.  Notably, the Dismissal Order admonished Plaintiffs that any proposed amended pleading must correct these deficiencies and comply with all applicable pleading standards.  *Id.* at 7, 12.

On March 9, 2021, Plaintiffs filed a Third Motion for Leave of the Court to File the 2nd Amended Verified Complaint.  ECF No. 169.  On May 19, 2021, Magistrate Judge Mansfield denied leave to amend on the basis that "Plaintiffs' submission of a shotgun pleading is not a proper use of judicial resources and requiring an answer to such a cumbersome complaint would prejudice Defendants."  ECF No. 183 at 9.  Magistrate Judge Mansfield explained that Plaintiffs' proposed Second Amended Verified Complaint ("SAVC") constituted an impermissible shotgun pleading because it failed (1) to specify which Defendant was responsible for which alleged acts or omissions, highlighting Plaintiffs' collective reference to Zhong Fang (aka Johnson Fang), Min Hu (aka Michelle Hu), Zhe Fang (aka Jay Fang), Lamei Fang, and Yujia Wang (aka Jiajia Wang) as the "FANG FAMILY" and (2) to connect factual allegations to Plaintiffs' specific

---

[1] The Court explained that while it would ordinarily grant leave to amend, given Plaintiffs' failure on a threshold issue and the lack of review as to the sufficiency of each claim, "judicial economy would not be served by allowing Plaintiffs to file an amended pleading without requiring them to present their proposed amendments to Defendants and the Court."  ECF No. 151 at 7 n.2.

3

claims, relying instead on catch-all phrases to incorporate all preceding paragraphs into each cause of action. *Id.* at 5–9. Given Plaintiffs' repeated failure to cure pleading deficiencies identified in prior orders, Magistrate Judge Mansfield concluded that another opportunity to amend would be futile and he consequently denied the motion with prejudice.

On June 2, 2021, Plaintiffs filed an Objection to the Order. ECF No. 187. On July 9, 2021, the Court issued an Order (1) Affirming Magistrate Judge's Order Denying Plaintiffs' Third Motion for Leave of the Court to File the 2nd Amended Verified Complaint and (2) Dismissing Action ("Final Dismissal Order"). ECF No. 192. Judgment entered the same day. ECF No. 193.

On August 24, 2021, Defendants filed a Joint Motion for Attorney Fees and Costs. ECF No. 200. On September 17, 2021, Magistrate Judge Mansfield issued the F&R that is the subject of this Order. ECF No. 205.

Defendants filed their Joint Objection to the F&R on October 1, 2021. ECF No. 26. Plaintiffs filed an Opposition on October 11, 2021. ECF No. 207.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United*

4

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Under a de novo standard, there is no deference to the lower court's ruling; rather, the Court "freely consider[s] the matter anew, as if no decision had been rendered below." *Dawson v. Marshall*, 561 F.3d 930, 933 (9th Cir. 2009) (alteration in original) (quotations omitted); *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

## ANALYSIS

Defendants object to Magistrate Judge Mansfield's F&R, specifically challenging his determination that Plaintiffs' breach of fiduciary claim sounds in tort and arguing that the action is in the nature of assumpsit. Plaintiffs ask the Court to accept the F&R and respond that an award of attorneys' fees is inappropriate because the Court lacks jurisdiction to do so; Defendants were not the "prevailing party"; the breach of fiduciary duty claim is not in the nature of assumpsit; and the action is not in the nature of assumpsit. The Court rejects Defendants' objections and adopts the F&R.

### I.    Plaintiffs' Jurisdictional Argument

As a preliminary matter, the Court addresses Plaintiffs' argument that the fees should not be awarded because the Court lacks jurisdiction to do so. ECF No.

207 at 14–16.  Plaintiffs never raised this issue before Magistrate Judge Mansfield.  "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."[2]  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); *see also Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").  Although jurisdictional arguments can generally be raised at any time, Plaintiffs' contention is based on their misconception that the case was dismissed for lack of subject matter jurisdiction.  The Court initially dismissed the case because it could not ascertain whether Plaintiffs had standing, but Plaintiffs were authorized to seek leave to amend the FAVC.  The case was ultimately dismissed because there was no operative pleading — Plaintiffs having failed to obtain leave to amend — not for lack of jurisdiction.  Therefore, Plaintiffs' argument is without merit.

## II.   Defendants are not Entitled to Attorneys' Fees

"When a district court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims." *Mason*

---

[2]  Notably, Plaintiffs did not even present this argument as an objection to the F&R; it is an alternative argument to support the F&R's conclusion presented in the Opposition to the Objection.

*& Dixon Intermodal, Inc. v. Lapmaster Int'l LLC,* 632 F.3d 1056, 1060 (9th Cir. 2011) (citations omitted).  Under Hawai'i law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  *Stanford Carr Dev. Corp. v. Unity House, Inc.,* 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (internal quotation marks and citation omitted); *DFS Group, L.P. v. Paiea Props.*, 110 Hawai'i 217, 219, 131 P.3d 500, 502 (2006) ("Generally, under the 'American Rule,' each party is responsible for paying his or her own litigation expenses.  A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by *statute*, stipulation, or agreement." (quoting *TSA Int'l, Ltd. v. Shimizu Corp.,* 92 Hawai'i 243, 263, 990 P.2d 713, 733 (1999))).

Hawai'i Revised Statutes ("HRS") § 607-14 is the provision relied upon by Defendants to recover attorneys' fees.  HRS § 607-14 provides:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable . . . provided that this amount shall not exceed twenty-five per cent of the judgment.

Haw. Rev. Stat. § 607-14.

### A. Prevailing Party

Magistrate Judge Mansfield determined that Defendants are the prevailing parties based on the dismissal of the case and subsequent entry of judgment. ECF No. 205 at 7. Plaintiffs challenge this finding, but did not timely object to the F&R. Instead, Plaintiffs refuted Defendants' prevailing party status in their Opposition. Although Plaintiffs' failure to object is alone grounds to reject this argument, the argument is also without merit.[3]

"[F]or purposes of HRS § 607–14, the party in whose favor judgment was entered is the prevailing party." *Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawai'i 92, 122, 176 P.3d 91, 121 (2008) (citation omitted). Judgment in favor of a prevailing party need not be a ruling on the merits. *See Ranger Ins. Co. v. Hinshaw*, 103 Hawai'i 26, 31, 79 P.3d 119, 124 (2003). Indeed, "a defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607–14." *Id.* (footnote omitted) (internal quotation marks and citation omitted); *see Blair v. Ing*, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001) (concluding that the plaintiffs were the losing party for the purposes of attorneys' fees under HRS § 607–14 because the defendant obtained a dismissal based on the

---

[3] It is unclear why Plaintiffs rely on out-of-circuit district court cases as legal authority when these cases have no precedential value and are irrelevant. ECF No. 207 at 13 (citing a Texas district court case and what appears to be a Maryland district court case).

plaintiffs' failure to state a claim); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000) ("[A]ny dismissal that results in judgment is sufficient to support an award of attorneys' fees under Hawai'i law." (citation omitted)).  Even voluntary dismissals are "sufficient to deem a defendant to be the prevailing party and the plaintiff the losing party." *Ranger*, 103 Hawai'i at 31, 79 P.3d at 124.

    Here, the judgment states:

> this action is dismissed pursuant to the "Order Dismissing 1st Amended Verified Complaint", ECF No. 151, filed on November 23, 2020, the "Order (1) Affirming Magistrate Judge's Order Denying Plaintiffs' Third Motion for Leave of the Court to File the 2nd Amended Verified Complaint and (2) Dismissing Action", ECF No. 192, filed on July 9, 2021.

ECF No. 193.  Because this is a judgment of dismissal, Defendants are the prevailing parties for the purpose of HRS § 607-14.

    Plaintiffs contend that Defendants cannot be the prevailing parties because there was no material alteration of the legal relationship of the parties.  ECF No. 207 at 18–19.  Plaintiffs rely on *Oahu Publications, Inc. v. Abercrombie*, 134 Hawai'i 16, 332 P.3d 159 (2014), for the proposition that a dismissal without prejudice does not materially alter the legal relationship of the parties.  ECF No. 207 at 18 (quoting *Oahu Publ'ns*, 134 Hawai'i at 25–26, 332 P.3d at 168–69[4]).  This principle is inapplicable here.  While the Dismissal Order dismissed the

---

[4] Plaintiffs grossly misquoted and miscited the case.

FAVC — which Plaintiffs erroneously refer to as the SAVC — without prejudice, the Final Dismissal Order dismissed the action for lack of an operative pleading. ECF No. 192 at 16.

Pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b), "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—*operates as an adjudication on the merits*." Fed. R. Civ. P. 41(b) (emphasis added). An adjudication on the merits is effectively a dismissal with prejudice. *See Makekau v. State*, 943 F.3d 1200, 1205 (9th Cir. 2019) ("[A] voluntary dismissal without prejudice in the district court [is] 'the opposite' of an adjudication on the merits." (citation omitted)); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("We think the key to a more reasonable interpretation of the meaning of 'operates as an adjudication upon the merits' in Rule 41(b) is to be found in Rule 41(a), which, in discussing the effect of voluntary dismissal by the plaintiff, makes clear that an 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice[.]'"). Insofar as the Court did not dismiss this case without prejudice, the judgment confers prevailing party status upon Defendants.

## B. Nature of the Action

Magistrate Judge Mansfield found that while the breach of contract and unjust enrichment claims are in the nature of assumpsit, the essential character of the action is not. ECF No. 205 at 15. He pointed to the fact that the balance of the claims — which this Court notes far outnumbers the two assumpsit claims — are statutory or sound in tort, Plaintiffs request punitive damages, and the fee request is limited to fees under HRS Chapter 480. *Id.*

Defendants contend that they are entitled to attorneys' fees because the essential character of this action is in the nature of assumpsit and that all tort and statutory claims are derivative of the contractual relationship between the parties. ECF No. 206 at 15–16. In the underlying motion for attorneys' fees, Defendants argued, in conclusory fashion, that they are entitled to fees because the breach of contract and breach of fiduciary claims are in the nature of assumpsit. ECF No. 200 at 9. However, as noted by Magistrate Judge Mansfield, they provided no analysis regarding the nature of the action. ECF No. 205 at 9; *see also* ECF Nos. 200, 203–04. Because Defendants never presented the argument that the essential character of this action is in the nature of assumpsit and all tort and statutory claims are derivative, the Court declines to consider it. *See Howell*, 231 F.3d at 621; *Williams*, 557 F.3d at 1292.

Magistrate Judge Mansfield properly determined that Count #1 (fraud/misrepresentation), Count #3 (misappropriation, theft, and conversion), and Count #9 (immigration fraud/emotional distress) sound in tort and that Count #6 (wrongful dissociation/dissociation), Count #10 (state law security fraud and civil liability (Chapter 485A)), Count #11 (federal law securities fraud and civil liability (Section 10(b) & Rule 105(b)), and Count #13 (statutory fraud (Chapter 480)) are statutory.  ECF No. 205 at 12–13.  He also appropriately concluded that the essential character of the action is not in the nature of assumpsit.  *Id.* at 15.

### 1. The Breach of Fiduciary Claim Sounds in Tort

Magistrate Judge Mansfield found that Count #2 (breach of fiduciary duty) sounded in tort because it was not based on the non-performance or breach of a contract.  ECF No. 205 at 11–12.  Defendants submit that Count #2 concerns the non-performance and/or breach of contractual obligations based on general allegations within the FAVC.  ECF No. 206 at 10–13.  This argument is disingenuous given Defendants' repeated challenges to Plaintiffs' requests to file an amended pleading based on Plaintiffs' failure to properly identify the allegations pertaining to each claim.  *See*, *e.g.*, ECF No. 189 at 16–18 (arguing that the breach of fiduciary claim reflects a shotgun pleading); ECF No. 190 at 12–14.  It is remarkable that for the purposes of their Objection, Defendants were suddenly able to connect Plaintiffs' claims with specific paragraphs from their general

12

allegations to conclude that the breach of fiduciary claim is based on a breach of contractual obligations.

Despite Defendants' efforts to transform the breach of fiduciary claim into an assumpsit claim, a review of the FAVC reveals that it sounds in tort. Notwithstanding the FAVC's deficiencies, Count #2 clearly concerns Defendants' breaches of fiduciary duties related to the limited partnership, and not contractual obligations. ECF No. 6 ¶¶ 210–22. Plaintiffs explain that the duties breached — duty of care, duty of loyalty, and good faith and fair dealing — are set forth in the Uniform Limited Partnership Act ("ULPA"). ECF No. 207 at 21 (citing HRS § 425E-408); *see also* ECF No. 6 ¶ 206 ("The individual Defendants posed as 'owners' and acted as 'owners' of the HICP and HIOP, which breached the duties owed to the HICP and HIOP and all the Limited Partners under ULPA."). "[A] breach of fiduciary duty claim sounds in tort where the duties allegedly breached arise as a matter of law from the fiduciary relationship between partners and not from a contractual agreement." *Kona Enters.*, 229 F.3d at 886 (citing *TSA Int'l,* 92 Hawai'i at 990 P.2d at 733–34). Therefore, Magistrate Judge Mansfield properly determined that Count #2 sounds in tort.[5]

---

[5] Count #2 is also arguably statutory — and not in the nature of assumpsit — if premised on a violation of HRS § 425E-408.

Based on the foregoing, Magistrate Judge Mansfield's recommendation to deny Defendants' Fee Motion is sound, and the F&R is accordingly adopted.

## CONCLUSION

For the reasons stated herein, the Court ADOPTS Magistrate Judge Mansfield's Findings and Recommendation to Deny Defendants' Joint Motion for Attorney Fees and Costs.  ECF No. 205.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, November 9, 2021.



Jill A. Otake
United States District Judge

Civil No. 20-00100 JAO-KJM; *Jiang, et al. v. Fang, et al.*; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' JOINT MOTION FOR ATTORNEY FEES AND COSTS

14